UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LLEWELLYN EDWARD KNOTT,

        Petitioner,        Case No. 2:09-cv-183

v.        HONORABLE GORDON J. QUIST

MICHAEL CURLEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner currently is incarcerated at Cooper Street Correctional Facility. According to his petition, Petitioner pleaded *nolo contendere* to one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520. According to the MDOC's Offender Tracking Information System, Petitioner was originally sentenced on October 29, 2007.[1] He was released on probation after one year. (Am. Pet. at 1, docket #8.) He then violated probation and was re-sentenced on January 16, 2009 to a term of incarceration of two to fifteen years.

Petitioner raises two claims in his application for habeas relief:

I. THE DENIAL OF PAROLE [BY] THE MICHIGAN PAROLE BOARD BASED ON THE NATURE OF THE OFFENSE, [SIC] VIOLATED THE SEPARATION OF POWERS CLAUSE ARTICLE 3 § 2 OF THE MICHIGAN CONSTITUTION OF 1963.

II. THE PROSECUTOR, THE LOWER COURT AND THE [MICHIGAN DEPARTMENT OF CORRECTIONS HAVE] "NO" PERSONAL OR SUBJECT MATTER JURISDICTION OVER THE PETITIONER, BECAUSE OF THE SENATE'S ACTIONS WHEN THEY "ILLEGALLY" PASSED AND ENACTED THE HOUSE SUBSTITUTE BILL INTO LAW ONE DAY AFTER THEY RECIVED [SIC] IT ON JULY 11, 1974, THEY PASSED AND ENACTED IT ON JULY 12, 1974, THEIR ACTION VIOLATES THE MICHIGAN CONSTITUTION OF 1963, ARTICLE 4, SEC. 18, 24, 25, AND 26.

(*Id.* at 6; Br. in Supp. at 17, docket #1.[2])

---

[1] *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=664846.

[2] Petitioner refers to a "Attached Memorandum of Law, Lack of Subject Matter Jurisdiction" in his amended petition, but has submitted no attachments. Therefore, the Court has considered the brief submitted as his original petition, as the reference brief in support of his amended petition.

**Discussion**

In his first ground, Petitioner claims that the Michigan Parole Board's denial of his parole violated the separation of powers clause of the Michigan Constitution.[3] (Br. in Supp. at 3-7.) In his second ground, Petitioner claims that neither the state prosecutor nor the state trial court had subject-matter jurisdiction to bring charges and convict him under MICH. COMP. LAWS § 750.520 because that provision was enacted in violation of Article 4 of the Michigan Constitution. (*Id.* at 17-19, 39-40.) In the same ground, Petitioner alleges that the MDOC lacked subject-matter jurisdiction to deny him parole because his conviction was invalid. (*Id.* at 17.)

The extraordinary remedy of habeas corpus lies only for a violation of the United States Constitution. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has not alleged a violation of his rights under the federal constitution. Instead, he alleges violations of his rights under the constitution of the state of Michigan. It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle*, 502 U.S. at 67, (quoting *Louis v. Jeffers*, 497 U.S. 764, 780 (1990)); *accord Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). As the Supreme Court long ago explained, "whether the statutes of a legislature of a state have been duly enacted in accordance with the requirements of the constitution of such state is not a federal question[.]" *Leeper v. Texas*, 139 U.S. 462, 467 (1891); *Betzer v. Bell*, No. 08-10246, 2009 WL 230222, at *6 (E.D. Mich. Jan. 30, 2009). Petitioner's claims that MICH. COMP. LAWS § 750.520 was not validly enacted under the Michigan constitution and that the denial of his parole violates the separation of powers

---

[3] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). According to his application, Petitioner has not properly exhausted his claims. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2).

between branches of state government both raise questions of state law. *See Hackworth v. Bell*, No. 08-11059, 2009 WL 579414, at *6 (E.D. Mich. Mar. 5, 2009) (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim asserting a conviction was obtained under an invalidly enacted statute, which also was allegedly a violation of the separation of powers clause, raised non-cognizable state-law issues)). Accordingly, Petitioner is not entitled to habeas relief on his claims.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim or a claim that is cognizable on habeas review.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: January 8, 2010                          /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE